UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO EDGAR RAMIREZ BERNAL,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | No.  1:26-cv-04104-DAD-CSK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 6) |

On May 28, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  On May 16, 2026, petitioner filed a motion for temporary restraining order seeking his immediate release from custody.  (Doc. No. 6.)  On June 17, 2026, the court set a briefing schedule on the pending motion and directed respondents to indicate in their opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders.  (Doc. No. 7.)  The also court directed that if respondents opposed the court ruling on the underlying combined petition based on the current briefing before it, respondents were to indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 18, 2026, respondents filed a combined response to the pending petition and motion for temporary restraining order.  (Doc. No. 8.)  In that opposition, respondents argue that

1

petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b) (*id.* at 2–3), an argument that the undersigned has rejected on several prior occasions. *Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents further state that the only appropriate remedy petitioner would be entitled to, if any, is a bond hearing because his re-detention was prompted by his arrest by local law enforcement. (*Id.*) Nonetheless, respondents concede that this case is not substantially distinguishable from the cases the court identified in its June 17, 2026 order. (*Id.* at 1–2.) Respondents have also indicated that they do not oppose this court ruling on the petition (*id.* at 1), and the court will do so.

Based upon the parties' briefing and evidence offered in support thereof, the court finds the following facts. Petitioner entered the United States on or about November 30, 2017, was briefly detained by immigration authorities, and was released into this country on an order of his own recognizance on December 2017. (Doc. No. 1-2 at ¶¶ 4–5.) On or about February 26, 2026, petitioner was re-detained by ICE at the Turner Guilford Knight Correctional Center in Miami-Dade County after he was arrested by local law enforcement for driving without a valid driver's license. (Doc. No. 8-1 at 2.)

Pursuant to the reasoning set forth in its prior order *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025), the court concludes that petitioner acquired a liberty interest in his continued release and the government violated due process by re-detaining petitioner without a pre-deprivation hearing. The court also finds respondent's argument that petitioner was not entitled to a pre-deprivation hearing because of his encounter with local law enforcement to be unpersuasive. "Indeed, respondent[s] [do] not argue that petitioner is a danger to the community or a flight risk. Moreover, there is no indication that a pre-deprivation hearing was unnecessary because petitioner was already in local law enforcement custody when he was re-detained[.]" *Hidalgo v. Warden, Cal. City Det. Facility*, No. 1:26-cv-03511-DC-JDP, 2026 WL 1506821 (E.D. Cal. May 29, 2026), *report and recommendation adopted sub nom. Hidalgo v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03511-DC-JDP, 2026 WL 1707795 (E.D. Cal. June 12, 2026).

/////

2

For the reasons stated above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Francisco Edgar Ramirez Bernal, A-File No. 216-292-295, from respondents' custody;

    b.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will bear the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

2.    Petitioner's motion for temporary restraining order (Doc. No. 6), is DENIED as having been rendered moot by this order granting his petition for writ of *habeas corpus*;

3.    The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this order; and

4.    The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   __**June 18, 2026**__        _____

                                       DALE A. DROZD
                                       UNITED STATES DISTRICT JUDGE

3